**FILED**
**Jun 23, 2023**
**08:48 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Timothy Burke, | ) | Docket No. 2022-06-0311 |
| Employee, | ) | |
| v. | ) | |
| Steve Towers Enterprises, LLC, a/k/a | ) | |
| Steve Towers Holding, LLC, | ) | State File No. 55612-2021 |
| Employer, | ) | |
| And | ) | |
| Hartford Insurance Co. of the | ) | |
| Southeast, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

Timothy Burke was accidently shot by a coworker while working at a vehicle repair shop owned by Steve Towers Enterprises. Towers filed a motion for summary judgment, which the Court heard on June 21, 2023. Towers contends that Mr. Burke's claim for benefits should be dismissed because he cannot show an essential element of his claim: that his injury arose primarily out of his employment. Mr. Burke rejects that contention and counters that multiple disputed material facts make summary judgment inappropriate.

For the reasons below, the Court finds no genuine issue of material fact exists. An accidental shooting, while tragic, bears no causal relationship to the employer's business of repairing cars and trucks. Towers is therefore entitled to summary judgment as a matter of law.

### Facts

The parties agreed to the following facts, mostly verbatim, for purposes of this motion.

1

Mr. Burke seeks benefits for an accident that occurred in July 2021 while he worked for Towers. Towers operated Midas automobile repair stores in middle Tennessee, and Mr. Burke was a store manager.

Mr. Burke was accidentally and unintentionally shot by coworker Josh Daniels.[1] "Buying a gun" was not a part of Mr. Burke's job. Likewise, Mr. Daniels was not doing something that was part of his job when he shot Mr. Burke.

Before the shooting occurred, coworker John Graves told Mr. Burke that he had recently sold a gun. Mr. Daniels overheard the conversation and told Mr. Burke he owned a gun he could sell to Mr. Burke. The three then went outside the store to Mr. Daniels's truck to look at the gun. Before Mr. Burke saw it, he heard a phone ringing inside the store and returned to answer it.

Mr. Graves and Mr. Daniels followed Mr. Burke back into the store. Mr. Daniels brought the loaded gun into the store and placed it on a desk near Mr. Burke. Mr. Burke hung up the phone, picked up the gun, and handled it before putting it back down. Mr. Daniels picked up the gun, when it accidentally discharged and shot Mr. Burke.

Mr. Burke asserts additional facts. These facts include that when he was shot, he was clocked in and not on a break, and he was working behind the counter, in uniform, and on a work-related phone call. Mr. Burke contends that these material facts preclude summary judgment and prove that the injury was work related.

## Law and Analysis

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] Tenn. R. Civ. P. 56.04 (2023).

When a party who does not bear the burden of proof at trial files a motion for summary judgment, it must do one of two things to prevail: (1) submit affirmative evidence

---

[1] Mr. Burke inaccurately argues that Towers "failed to produce" Mr. Daniels as a witness. A September 15, 2022 status hearing order states that one of the fact witnesses, presumably Mr. Daniels, is no longer employed by Steve Towers. A February 28, 2023 status order says that the parties are "unable to locate" Mr. Daniels. During the hearing, Mr. Burke's lawyer said, "Mr. Daniels is nowhere to be found."

[2] Rule 56.03 states, "Each fact shall be supported by a specific citation to the record." Towers filed *excerpts* of deposition testimony to support its Statement of Undisputed Material Facts. Mr. Burke implies that "the record" means the entire depositions must be filed. He cited no authority for this interpretation, and the Court rejects it. Rather, parties are encouraged *to decrease the volume of documents* in cases. *See, e.g., Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *11 (Sept. 19, 2016).

that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If the moving party successfully meets one of those elements, the nonmoving party must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

Here, Towers argues that Mr. Burke's evidence is insufficient to establish an essential element of his claim: that his injury arose primarily out of his employment.

The Workers' Compensation Law defines "injury" as one that arises primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13). The requirements that an injury "arise out of" and occur "in the course of" employment are not synonymous, although both elements exist to ensure a work connection to the injury for which the employee seeks benefits. *Harris v. Nashville Ctr. for Healing and Rehabilitation,* 2021 TN Wrk. Comp. App. Bd. LEXIS 9, at *8 (Jan. 28, 2021).

The term "in the course of" refers to the time, place, and circumstances of the injury, while "arising out of" refers to causation. *Id.*. An accidental injury arises out of the employment "when there is apparent to the rational mind, upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* The phrase "causal connection" means "cause in the sense the accident had its origin in the hazards to which the employment exposed the employee while doing his work." *Id.* "Arising out of" refers to "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Rosasco v. W. Knoxville Painters, LLC,* No. E2020-016556-SC-R3-WC, 2021 Tenn. LEXIS 441, at *5 (Tenn. Workers' Comp. Panel Nov. 18, 2021). The injury must "flow from his work as a rational consequence." *Id.* at *7.

Towers does not contest the "course and scope" requirement but instead argues that Mr. Burke's injury did not "arise out of" his employment because the undisputed facts show that Mr. Burke was shot by a coworker who was attempting to sell him a gun. That activity has no origin in a risk connected to the employment. Therefore, Mr. Burke cannot prove an essential element of the claim. The Court agrees.

Towers is in the business of servicing and repairing motor vehicles. One employee attempting to sell a gun to a coworker bears no relation to that business purpose. Being accidentally shot by a coworker is not a risk inherent to employment in a vehicle

3

maintenance and repair shop. Nor would the presence of a handgun for sale by a coworker naturally or normally be expected.

Mr. Burke argues that his response to the statement of undisputed facts established a genuine dispute of several material facts. For example, he contends that a factual issue exists as to whether he was on the phone when he was shot, and that the Court must make a credibility determination to resolve that question. The Court disagrees. This fact is a consideration under the "course and scope" prong, which is immaterial to the question of whether Mr. Burke's injury "arose out of" his employment. *See King v. Kasai N. Am., Inc.,* 2019 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 4, 2019) (Disputed issues of fact must be "material" to the legal issue presented).

Nor is it material to the *legal issue* if Mr. Burke was in uniform, on the clock, or behind a counter. Towers does not dispute these facts; it asserts they are not material. "A fact is 'material' if 'it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Patterson v. Shelter Mut. Ins. Co.,* 2015 Tenn. App. LEXIS 734, at *20-21 (Tenn. Ct. App. 2015). The Court does not need to decide them because they are not material to the question of whether Mr. Burke's injury flowed from his work as a natural consequence.

The Court does not need to restate every additional proposed fact that Mr. Burke has raised and explain why each one is not "material." Rather, from the *undisputed material facts,* the Court finds no genuine fact issue for trial, so summary judgment is appropriate as a matter of law. Mr. Burke's injury did not arise primarily out of his employment.

Mr. Burke's claim for benefits is therefore dismissed with prejudice to its refiling. Towers must pay costs of $150.00 to the Court Clerk within five business days of entry of this order. Towers must also submit an SD-2 within ten business days of the order becoming final. Unless appealed, this order becomes final after thirty days.

**IT IS ORDERED.**

**ENTERED June 23, 2023**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
Court of Workers' Compensation Claims

4

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 23 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jason Denton, Employee's attorney | | | X | jdenton@rma-law.com tlawrence@rma-law.com hsmith@rma-law.com |
| Blair Cannon, Employer's attorney | | | X | blair.cannon@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                     Page **1** of **2**                     RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*